IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RACHEL TWINE, | } | |
| TDCJ-CID NO.1401858, | } | |
| Plaintiff, | } | |
| v. | } | CIVIL ACTION H-08-1234 |
| | } | |
| CITY OF HOUSTON, *et al.*, | } | |
| Defendants. | } | |

OPINION ON DISMISSAL

Plaintiff Rachel Twine, an inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID") proceeding *pro se* and *in forma pauperis*, has filed a complaint and a more definite statement alleging violations of her civil rights under 42 U.S.C. § 1983. (Docket Entries No.1, No.10). For the reasons to follow, the Court will dismiss plaintiff's complaint.

BACKGROUND

Plaintiff claims that before the incident underlying this civil rights complaint, Robert A. Brown, the father of her children, had been arrested for assaulting her in front of their son. (Docket Entry No.10). Plaintiff maintains that on May 25, 2006, Brown came to her house without permission and they argued. (*Id.*). During the course of the argument, Brown threw plaintiff, who was five months pregnant, over the dining room table; he also punched and choked her. (*Id.*). She cut him in self-defense with a steak knife. (*Id.*).

Brown sought help at a neighbor's house for his injuries. The neighbor called the City of Houston Police Department. (*Id.*). Paramedics arrived and treated Brown in an ambulance. (*Id.*). Two Houston police officers also responded to the call. (*Id.*). After talking to Brown in the ambulance, the police officers went into plaintiff's home, where they found the

knife in her kitchen. The officers asked plaintiff her name and then arrested her. (*Id.*). Plaintiff, her aunt, and her neighbor tried to explain to the officers that plaintiff was hurt and that she cut Brown in self-defense. (*Id.*). The officers told her that they did not care because Brown was bleeding; therefore, she was going to jail. (*Id.*). She tried to tell the officers that she had been abused and that she was concerned about the safety of her unborn child, but they did not do anything to make sure her child was okay. (*Id.*). On November 2, 2006, plaintiff was convicted of aggravated assault in a Harris County Criminal District Court in cause number 107096 and sentenced to four years confinement in TDCJ-CID. Texas Offender Information Detail[1]

Plaintiff claims that she suffered a black eye, a cut lip, and two bruises on her back from the altercation with Brown. (Docket Entry No.10). She also claims that she went into premature labor and was placed on bed rest. (*Id.*). She indicates that she did not receive any medical treatment for her alleged injuries. (*Id.*).

Plaintiff contends the police officers violated her civil rights because they did not thoroughly investigate the incident even though she tried to explain that Brown was trespassing and that he was the aggressor. (*Id.*). She also tried to tell them that she was having severe stomach pains but they ignored her and took her to the city jail. (*Id.*).

Plaintiff seeks an apology from the City of Houston Police Department for violating her rights and "the maximum I can have by Texas law." (Docket Entry No.1).

## STANDARD OF REVIEW

The complaint in this case is governed by the Prison Litigation Reform Act ("PLRA"). Because plaintiff is a prisoner who proceeds *in forma pauperis*, the PLRA requires that the district court scrutinize the basis of the complaint, and, if appropriate, dismiss the case at any time without service of process if the court determines that the complaint is frivolous,

---

[1] http://168.51.178.33/webapp/TDCJ/InmateDetails.jsp?sidnumber=07737519

malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 42 U.S.C. 28 U.S.C. § 1915(e)(2)(B); *see also* 42 U.S.C. § 1997(e), and 28 U.S.C. § 1915A(b). In conducting that analysis, a prisoner's *pro se* pleading is reviewed under a less stringent standard that those drafted by an attorney and is entitled to a liberal construction that includes all reasonable inferences, which can be drawn from it. *Haines v. Kerner*, 404 U.S. 519 (1972); *Alexander v. Ware*, 714 F.2d 416, 419 (5th Cir. 1983).

A complaint may be dismissed as frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist." *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) (citing *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (quoting *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998)). A review for failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002).

Rule 12(b)(6) authorizes a dismissal of a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a) of the Federal Rules of Civil Procedure, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1974 (2007). A court must not dismiss a complaint for failure to state a claim unless the plaintiff has failed to plead "enough facts to state a claim to relief that is

plausible on its face." *Twombly,* 127 S.Ct. at 1974; *Erickson v. Pardus,* 127 S.Ct. 2197, 2200 (2007). Although material allegations in the complaint must be accepted as true and construed in the light most favorable to the nonmoving party, a court is not required to accept conclusory legal allegations cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the factual allegations. *Twombly*, 127 S.Ct. at 1964-65 (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level).

## DISCUSSION

A plaintiff seeking relief under 42 U.S.C. § 1983 must establish two essential elements: that the conduct complained of was committed under color of state law, and that the conduct deprived the plaintiff of rights secured by the Constitution or laws of the United States. *Hernandez v. Maxwell*, 905 F.2d 94, 95 (5th Cir. 1990). Plaintiff's pleadings fail to show that she is entitled to relief under § 1983.

### City of Houston Police Department

Plaintiff's claim against the City of Houston Police Department is not actionable. In Texas, a department of a local governmental entity must "enjoy a separate legal existence" to be subject to suit. *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 314 (5th Cir. 1991). Plaintiff bears the burden of showing that a city or county department has the capacity to be sued. *Id*. at 314. Plaintiff does not allege nor does she demonstrate that the City of Houston Police Department is a separate legal entities having jural authority. Accordingly, plaintiff fails to state a claim on which relief may be granted against the City of Houston Police Department.

Physical Injury

For different reasons, plaintiff's claim that the two police officers denied or delayed her medical care is not actionable under the facts alleged in her pleadings. Section 1997e(e) of Title 42 U.S.C. states, "no federal civil action may be brought by a prisoner . . . for mental or emotional injury . . . without a prior showing of physical injury." Section 1997e(e) applies to all federal civil actions in which a prisoner alleges a constitutional violation, including Fourth Amendment claims for compensatory damages. *Hutchins v. McDaniels*, 512 F.3d 193, 196 (5th Cir. 2007). Plaintiff does not allege nor does she demonstrate that she suffered a physical injury attributable to the actions of the two City of Houston Police Officers. Therefore, she fails to show that she is entitled to compensatory damages for any emotional or mental injury that she might have suffered as a result of the acts or omissions of the two police officers.

Proper Investigation

Plaintiff's claim that the two officers failed to conduct a proper investigation is without legal merit. The Fifth Circuit has not recognized an independent duty to investigate for purposes of section 1983 liability; therefore, an officer's failure to investigate is actionable only to the extent that it may negate the existence of probable cause and thus provide a claim under the Fourth Amendment. *See Evett v. DETNTFF*, 330 F.3d 681, 689 (5th Cir. 2003) (noting while law enforcement personnel "may rely on the totality of facts available to them in establishing probable cause, they also may not disregard facts tending to dissipate probable cause"). "Probable cause exists 'when the totality of the facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense.'" *Haggerty v. Texas Southern Univ.*, 391 F.3d 653, 655-56 (5th Cir. 2004) (quoting *Glenn v. City of Tyler*, 242 F.3d 307, 313 (5th Cir.

5

2001)).  The existence of exculpatory evidence does not negate probable cause if the totality of the circumstances would support a reasonable conclusion of criminal activity.  *Gordy v. Burns*, 294 F.3d 722, 729 (5th Cir. 2002).

Under Texas law, a police officer may arrest, without a warrant, "persons who the peace officer has probable cause to believe have committed an assault resulting in bodily injury to a member of the person's family or household."  TEX. CODE CRIM. PROC. ANN. art. 1403(a)(4) (Vernon 2005).  A person commits an assault if she "intentionally or knowingly causes physical contact with another when the person knows or should reasonable believe that the other will regard the contact as offensive or provocative."  TEX. PENAL CODE ANN. § 22.01 (Vernon 2003).

Plaintiff's pleadings show that at the time of her arrest, the two police officers had knowledge that plaintiff had cut Brown, the father of her children, with a knife, which caused him to bleed, that her neighbor called paramedics because Brown was injured, and that paramedics treated Brown for his injuries.  The officers found the knife that plaintiff used to cut Brown in plaintiff's kitchen.  Presumably, the officers were also aware that plaintiff had suffered injuries from the altercation, *i.e.*, a cut lip, a black eye, bruises, and stomach pain, and that she did not receive medical attention.  Although plaintiff claims she told the officers that she cut Brown in self-defense after he had assaulted her, a reasonable officer could conclude, given the totality of the circumstances, that plaintiff had assaulted Brown.  *See Glenn*, 242 F.3d at 313 & n.3 (noting that pushing alone satisfies the definition of assault).  Because her pleadings fail to support a claim of false arrest or a failure to investigate, plaintiff's claims against the two unnamed officers is without legal merit and therefore, subject to dismissal.

## CONCLUSION

Based on the foregoing, the Court ORDERS the following:

1. Plaintiff's complaint is DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. All pending motions are DENIED.

The Clerk will provide a copy of this order by facsimile transmission, regular mail, or e-mail to the parties and to the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711, Fax: 512-936-2159; the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793; and the District Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas 75702, Attention: Manager of the Three-strikes List.

SIGNED at Houston, Texas, this 10th day of September, 2008.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE